**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-02533-MSK

SYLVIA WORLEY,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.[1]

## OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Sylvia Worley's appeal from the Commissioner of Social Security's final decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83c. Having considered the pleadings and the record, the Court

**FINDS** and **CONCLUDES** that:

**I.**      **Jurisdiction**

On March 18, 2009, Ms. Worley filed a claim for Supplemental Security Income pursuant to Title XVI. She asserted that her disability began that same day. Her claim having been initially denied, Ms. Worley filed a written request for a hearing before an Administrative Law Judge ("ALJ"). This request was granted and a hearing was held on November 16, 2010.

---

[1] Michael J. Astrue was the Commissioner of Social Security at the time Ms. Worley filed her appeal. Carolyn W. Colvin is substituted as the Defendant in this action to reflect her designation as Acting Commissioner of Social Security, effective February 14, 2013.

The ALJ issued a decision on January 12, 2011 in which he determined that Ms. Worley was not under a disability from March 18, 2009 to the date of his decision.

In following the five step process outlined in 20 C.F.R § 416.920, the ALJ found at Step 1 that Ms. Worley had not engaged in substantial gainful activity since March 18, 2009. At Step 2, the ALJ found that Ms. Worley had the severe impairments of diabetes mellitus, morbid obesity, post-traumatic stress disorder and schizoaffective disorder, bipolar type. The ALJ found at Step 3 that these impairments did not meet or equal one of the impairments listed in § 404, Subpt. P, App. 1. The ALJ next found that Ms. Worley had the Residual Functional Capacity ("RFC") to perform light work as defined in § 416.967(b) except that her ability to sit, stand and walk was unlimited with the use of a cane; her ability to lift was limited to the light exertional range; she should avoid climbing due to obesity; she could occasionally stoop, kneel, crouch or crawl; she should avoid heights and hazards; she was limited to unskilled work; she should not interact with the general public and she should avoid working in groups. Finally, the ALJ found that Ms. Worley had no past relevant work history at Step 4, but found at Step 5 that there were jobs in the national economy, such as assembler of small products, electronics worker and vegetable sorter, that she would be able to perform given her age, education, work experience and RFC.

Ms. Worley requested review of the ALJ's decision. This request was denied by the Appeals Council on August 2, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). The appeal was timely brought, and this Court exercises jurisdiction to review the Commissioner of Social Security's final decision pursuant to 42 U.S.C. § 405(g).

## II.     Issues Presented

Ms. Worley raises four challenges to the Commissioner's decision.  She contends that: (1) In weighing Dr. Dilullo's opinion, the ALJ failed to consider that Dr. Dilullo was not aware that Ms. Worley needed to use a cane; (2) the ALJ did not express the RFC finding on a function by function basis; (3) the ALJ failed to consider inconsistencies between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"); and (4) despite giving Dr. McKinney's opinion the greatest weight, the ALJ did not account for all of her restrictions. These are challenges to the ALJ's findings at Steps 4 and 5.  Finding error at both steps, it is not necessary to address all of the challenges raised.

## III.    Material Facts

The material facts are as follows.  Ms. Worley was 39 years old when she filed her application for benefits.  She has a limited education and no relevant work experience.  Her impairments include diabetes, obesity, post-traumatic stress disorder, and schizoaffective disorder, bipolar type.  She received regular treatment at Pueblo Community Health Center and at Spanish Peaks Mental Health Center.

Dr. Dilullo conducted a physical examination on October 10, 2009 in conjunction with Ms. Worley's application.  He opined that she had no limitation in her ability to lift, sit, stand or walk, that she could only stoop, kneel, crouch and crawl occasionally, and that she should avoid hazards.  Of note, she did not use a cane at the time of that examination and Dr. Dilullo wrote in his report: "Assistive Device: None."

Dr. McKinney evaluated Ms. Worley's mental health in November 2009, and opined that she was able to understand, remember and carry out simple, but not complex, tasks.  She further opined that Ms. Worley might have difficulty with sustained concentration without frequent

breaks for some tasks, that she was unable to work with the general public and that she may have difficulty working with groups of others. In contrast, Dr. Dyde, a state agency psychiatrist, opined that Ms. Worley did not have any severe mental impairments.

The administrative hearing was conducted on November 16, 2010. The ALJ noted that Ms. Worley used a cane and questioned her about it. Ms. Worley stated that she began using a cane two to three months earlier because she suffered from dizziness, and using the cane increased her stability.

Adopting the findings of Drs. Dilullo and McKinney for the purposes of a hypothetical question, the ALJ inquired of a vocational expert (VE) as to whether jobs existed in the national economy for a person (1) with unlimited ability to sit, stand, walk and lift; (2) who should avoid climbing due to obesity; (3) who could only occasionally stoop, kneel, crouch or crawl; (5) who should avoid hazards; (6) who should be limited to simple, unskilled tasks; and (7) who should not work with the general public and who would have difficulty working in groups. The vocational expert, Mr. Duffin identified several jobs involving medium work, i.e., jobs that require two hands. The ALJ then asked if such person also required the use of a cane would the person have difficulty performing medium work. Mr. Duffin responded affirmatively. The interchange continued:

> ALJ: "So then, we would make it a light RFC?"
> VE: "Yes. I could do that."
> ALJ: "Okay. And would there be other jobs that would be suitable for an individual with those limitations?"
> VE: "Including the cane, right?"
> ALJ: "Yes."
> VE: "So, most likely we'd be look[ing] for a seated, light position. . . ."

(AR 8-9).

After the hearing, the ALJ found that Ms. Worley was not disabled and that she had the Residual Functional Capacity ("RFC") to perform light work as defined in § 416.967(b), with the additional physical limitations as outlined above. In making this finding, the ALJ assigned the greatest weight to the medical opinions of Drs. Dilullo and McKinney because they directly interacted with Ms. Worley, they made objective findings, and their findings were consistent with the claimant's longitudinal medical record.

### IV.    Standard of Review

Judicial review of the Commissioner of Social Security's determination that a claimant is not disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On appeal, a reviewing court's job is neither to "reweigh the evidence nor substitute our judgment for that of the agency." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir 2004) (*quoting Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

The ALJ is required to consider the medical opinions in the record, along with the rest of the relevant evidence. § 416.920(b). The ALJ should evaluate an examining physician's medical opinion according to the factors outlined in § 416.927. Those applicable to an examining physician include: (1) the degree to which the physician's opinion is supported by relevant evidence; (2) consistency between the opinion and the record as a whole; (3) whether or

not the physician is a specialist in the area upon which an opinion is rendered; and (4) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.*

Having considered these factors, an ALJ must give good reasons in the decision for the weight assigned to a treating source's opinion. *Luttrell v. Astrue*, 453 Fed.Appx. 786, 794 (10th Cir. 2011) (unpublished). The ALJ is not required to explicitly discuss all the factors outlined in § 416.927. SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). However, the ALJ must discuss not just evidence that supports the decision, but also "uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (citation omitted).

In determining an individual's RFC, the ALJ must "discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Lawton v. Barnhart*, 121 Fed.Appx. 364, 374 (10th Cir. 2005) (quoting SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996), at *7). The ALJ also must explain how inconsistencies and ambiguities in the case record were resolved, must make a function by function assessment of individual's limitations prior to making an RFC determination (i.e. consider individual's ability to sit, stand, walk, lift, carry, push and pull), and must cite specific evidence for each conclusion. *Id.*; SSR 96-8p, 1996 WL 374184 at *3-7. The "RFC must not be expressed initially in terms of the exertional categories of 'sedentary,' [or] 'light'. . . ." SSR 96–8p, 1996 WL 374184 at *3. An ALJ's failure to first make a function-by-

function analysis of plaintiff's limitations or restrictions could result in the ALJ overlooking some of plaintiff's limitations or restrictions. *Id.* at *4.

Finally, testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision. *Gay v. Sullivan*, 986 F.2d 1336, 1340 (10th Cir. 1993). An impairment does not have to be disabling in order to warrant inclusion in the hypothetical. § 416.920(e). Instead, an impairment must be included in the hypothetical given to the VE if it is severe, *i.e.*, if it significantly limits the plaintiff's ability to do basic work activities. § 416.920(g).

## V.    Discussion

Ms. Worley initially challenges the ALJ's RFC finding at Step 4. She argues that the ALJ erred by assigning the "greatest weight" to functional ability opinions, but not adopting the opinion in the RFC. This she characterizes as an impermissible inconsistency for which inadequate explanation has been given.

### A. Opinions by Drs. Dilullo and McKinney

Ms. Worley first challenges the ALJ's treatment of the opinion by Dr. Dilullo, an examining physician. He opined that Ms. Worley had no limitations in her ability to lift, sit, stand or walk, that she could only stoop, kneel, crouch and crawl occasionally, and that she should avoid hazards. Dr. Dilullo expressly stated that Ms. Worley did not use a cane. In the Second Decision, the ALJ gave Dr. Dilullo's opinion the "greatest weight" and largely patterned his physical RFC determination on that opinion, deviating only insofar as he added the use of a cane as a further restriction. The ALJ found Ms. Worley had the physical RFC to "perform light work as defined in § 416.967(b) except that her ability to sit, stand and walk is unlimited with the

use of a cane; her ability to lift is limited to the light exertional range; she should avoid climbing due to obesity; she could occasionally stoop, kneel, crouch, or crawl; she should avoid heights and hazards. . . . ."

Ms. Worley is correct that there is a facial contradiction between crediting Dr. Dilullo's opinion and imposing a restriction of use of a cane that is not found in such opinion. Ordinarily, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96–8p. A contradiction is not necessarily problematic, however, if the ALJ explains his rationale ( i.e., discussed "other factors brought to his attention with tend to support or contradict the [examining doctor's] opinion"). § 416.927(b).

Ms. Worley is also correct that the ALJ failed to expressly explain why a cane was included in the RFC when it was not included in Dr. Dilullo's opinion. However, it is apparent from the record that such limitation was imposed because Ms. Worley attended the hearing using a cane and stated that it was necessary for her balance. Thus, the lack of explanation for the facial inconsistency between Dr. Dilullo's opinion and the ultimate RFC is not reversible error. In essence, the ALJ took Dr. Dilullo's functional restrictions and added another – the use of a cane. Arguably, Ms. Worley invited the limitation by explaining that she needed a cane to address dizziness.

Ms. Worley argues that this situation is analogous to that found in *Chapo v. Astrue*, 682 F. 3d 1285, 1292-93 (10th Cir 2012). In *Chapo,* a doctor's "patently stale opinion" was inconsistent with later test results creating an inconsistency in medical records that was not adequately addressed by the ALJ. The Court disagrees. Here, the inconsistency is not between medical records, nor is the decision based on a failure to consider the entire record. Rather, the

inconsistency is purely a facial one, created by the ALJ's consideration of all of the evidence including that produced by Ms. Worley at the hearing.

The Court has some doubt that the ALJ erred in failing to explain why the cane restriction was added to the RFC, but assuming that the lack of explanation constitutes legal error, it was harmless. Ms. Worley argues that the inconsistency between the RFC and Dr. Dulillo's opinion has great import, but she has never sought to supplement Dr. Dilullo's report or submit another.

The Court reaches a different conclusion with regard to the ALJ's failure to explain why Dr. McKinney's opinion as to Ms. Worley's non-exertional limitations was not adopted in full. As noted above, Dr. McKinney opined that Ms. Worley was able to **understand, remember and carry out simple, but not complex, tasks; she might have difficulty with sustained concentration without frequent breaks for some tasks; she was unable to work with the general public; and she may have difficulty working with groups of others.** The ALJ gave Dr. McKinney's opinion the greatest weight, but included only the last portion of Dr. McKinney's restrictions - **should not interact with the public and should avoid working in groups** – in the RFC. No explanation is given for this deviation. The ALJ was required to explain why the doctor's recommendation was ignored. SSR 96–8p; *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Because the Court is unable to determine the ALJ's reasoning and assessment with regard to Dr. McKinney's opinion, this is reversible error.

### B. Failure to Express the RFC Finding on a Function by Function Basis

Ms. Worley also challenges the ALJ's failure to express his RFC finding on a function by function basis. Ordinarily, an ALJ is required to make a function by function assessment of an individual's limitations before determining an exertional category such as sedentary or light work. *See* SSR 96-8p, 1996 WL 374184 at *3-7. This requires a determination of the

individual's limitations and restrictions of physical strengths with regard to sitting, standing, walking, lifting, carrying, pushing and pulling. *Id*; *See also Gauna v. Astrue*, 11-cv-02781-LBT (D. Colo. Jan 28, 2013). Failure to assess the claimant's strengths can result in the ALJ overlooking some limitations or restrictions. This problem can be compounded if a hypothetical question to the VE at Step 5 is based on a work category rather than a functional assessment of all limitations. *See Winfrey v. Chater*, 92 F.3d 1017, 1024 n.5 (10th Cir. 1996).

Here, the ALJ engaged in the initial determination of limitations and restrictions as appropriate. But in questioning the VE, the ALJ added an additional restriction – a cane. Rather than considering the effect of a cane with regard to each function, the ALJ and the VE considered only its effect on the exertional category – reducing the exertional category from medium work to light work. This was error.

The error is not harmless because the effect of the cane restriction may vary as to each function. For example, a cane may have no effect on sitting, may limit standing and walking, and might limit or prevent lifting, carrying, pushing or pulling. Because the ALJ did not inquire as to the effect of the cane on each area of function, the Court is without an adequate record to conclude that any particular job (regardless of its exertion category) can be performed subject to such limitation. Although, the Commissioner persuasively argues that the "seated, light" position might be the proper calculation, had the function by function approach been used, a "sedentary" exertional level might also have been the result. In such event, the available work may be further restricted by Ms. Worley's mental limitations.

For the forgoing reasons, the Commissioner of Social Security's decision is **REVERSED** and **REMANDED**. The Clerk shall enter a Judgment in accordance herewith.

Dated this 10th day of January, 2014.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge