## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Chief Judge Marcia S. Krieger

Civil Action No. 12-cv-02533-MSK

SYLVIA WORLEY,

    Plaintiff,

v.

CAROLYN COLVIN, acting Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**

---

**THIS MATTER** comes before the Court on Plaintiff Sylvia Worley's Motion for Award of Attorneys' Fees ("Motion") (**#21**) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Having considered the Motion, the Commissioner's Response (**#22**), and Ms. Worley's Reply (**#23**), the Court

**FINDS** and **CONCLUDES**:

### I.    Jurisdiction

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412.

### I.    Issue Presented

Ms. Worley asserts that, pursuant to the EAJA, she should be awarded attorney fees in the amount of $4600.38 for her appeal of the administrative law judge's Decision denying her application for Supplemental Security Income. The Commissioner challenges Ms. Worley's

request for attorney fees on the basis that its position in defending the Decision was substantially justified.

## II.   Background

Ms. Worley filed a claim for Supplemental Security Income pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83c.  She asserted that she had been disabled from March 18, 2009 with impairments such as diabetes, obesity, post-traumatic stress disorder, and schizoaffective disorder, bipolar type. After a hearing, the administrative law judge ("ALJ") denied Ms. Worley's claim in a Decision issued January 12, 2011.  Ms. Worley appealed that Decision to the Appeals Council, which denied review.

Subsequently, Ms. Worley appealed to this Court, challenging the Decision on four grounds: (1) the ALJ failed to consider that one examining physician, Dr. Dulillo, was unaware that Ms. Worley needed to use a cane; (2) the ALJ did not express the Residual Functional Capacity ("RFC") finding on a function by function basis; (3) the ALJ failed to consider inconsistencies between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"); and (4) the ALJ did not account for the restrictions discussed by another physician, Dr. McKinney, despite giving her opinion the "greatest weight." Pursuant to 42 U.S.C.§ 405(g), this Court exercised reviewed the ALJ's Decision.

On January 10, 2014, this Court reversed that Decision and remanded the case to the Commissioner for further proceedings.  Specifically, this Court held that the ALJ erred (1) in evaluating the opinion of Dr. McKinney because the ALJ deviated from the doctor's opinion without explanation; and (2) by failing to fully evaluate the effect of Ms. Worley's use of a cane on a function-by-function basis.  In the instant Motion, Ms. Worley requests attorney fees.

### III.     Discussion

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show: (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a claimant is the prevailing party when the district court remands to the Commissioner of Social Security under 42 U.S.C. § 405(g). *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In an Order dated January 10, 2014, (**#17**) this Court reversed the Commissioner's decision denying Ms. Worley's disability benefits and remanded his case to the Commissioner for additional review. Thus, Ms. Worley is the prevailing party. The Commissioner has not argued that there are any special circumstances that make an award unjust. Therefore, the sole issue before the Court is whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of demonstrating that her position was substantially justified. *Id.* at 1170. For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Id*. at 1174. Under the EAJA, fees generally should be awarded where the Commissioner's underlying action was unreasonable even if the Commissioner advanced a reasonable litigation position. *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002)). The Commissioner's position is substantially justified if it had a reasonable basis in

both law and fact. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *Veltman v. Astrue*, 261 F. App'x. 83, 85 (10th Cir. 2008). The Commissioner's position is not justified if it is considered unreasonable as a whole. *Hackett*, 475 F.3d at 1175.

Applying these standards here, the Commissioner's position did not have a reasonable basis in law and fact. The Commissioner asserts that its position in defending the ALJ's Decision was substantially justified because it was reasonable to argue that, by limiting Ms. Worley to unskilled work, the ALJ accounted for the additional limitations expressed by Dr. McKinney without explicitly discussing them. Specifically, the Commissioner argues that because "unskilled work" is defined as "involving only simple instruction," the ALJ's use of the term accounted for the limitations expressed by Dr. McKinney. However, the Tenth Circuit has explicitly rejected the proposition that limiting a claimant to unskilled work necessarily accounts for impairments of mental function—which were the basis of Dr. McKinney's limitations. *See Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (citing *Wayland v. Chater*, 76 F.3d 394 (10th Cir. 1996)). Thus, the Commissioner has not met her burden of demonstrating that her position in defending the ALJ's decision on appeal was substantially justified, and Ms. Worley is entitled to attorney fees.

The Commissioner also argues that her position in defending the ALJ's failure to fully evaluate the effect of a cane on a function-by-function basis was substantially justified because there was a genuine dispute as to whether the error was prejudicial. Specifically, the Commissioner argues that there was not necessarily a conflict between the use of a cane and any of the jobs identified by the vocational expert because light work does not necessarily involve standing or walking most of the day. However, harmless error analysis is appropriate in this context only when the Court can "confidently say that no reasonable administrative factfinder,

following the correct analysis, could have resolved the factual matter in any other way." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005). Accordingly, the ALJ must support its conclusions with findings that are capable of meaningful review by the Court. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). Because the ALJ did not do so here, the Commissioner was not substantially justified in defending the ALJ's decision on appeal, and Ms. Worley is entitled to attorney fees.

Having determined that Ms. Worley is entitled to attorney fees under the EAJA, the Court next considers the reasonableness of her request. To determine a reasonable fee request, the Court must first calculate the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As previously indicated, Ms. Worley seeks $5,345.38 in fees. This amount is based on 28.7 hours at $186.25 per hour. The exact total for these amounts is $5,345.38. Given the amount of hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court finds that Ms. Worley is entitled to attorney fees in the amount of $5,345.38.

For the reasons stated herein, **IT IS ORDERED** that the Motion is **GRANTED**. Payment of Ms. Worley's attorney fees in the amount of $5,345.38 under the EAJA, 28 U.S.C. § 2412, shall be made to Ms. Worley directly,[1] in care of her attorney.

Dated this 5th day of December, 2014.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge

---

[1] The EAJA makes it is clear that attorney's fees will be paid only to the "prevailing party." *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007).

6